Marvin E. Wallis v. Commissioner.
Wallis v. Commissioner
Docket No. 77029.
United States Tax Court
T.C. Memo 1962-243; 1962 Tax Ct. Memo LEXIS 65; 21 T.C.M. (CCH) 1300; T.C.M. (RIA) 62243; October 18, 1962
*65 Marvin E. Wallis, pro se, 14145 W. Newell Dr., Brookfield, Wis. Delman H. Eure, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: Deficiencies in income tax and additions to tax of the petitioner have been determined by respondent for the following taxable years and amounts: Additions to Tax
Sec.
Sec.
294(d)(1)(A)
294(d)(2)
Year
Deficiency
I.R.C. 1939
I.R.C. 1939
1953
$ 4,389.03
$291.19
1954
12,209.58
$1,005.77
652.40
The issues presented are (1) whether petitioner realized gains from sales of stock as determined by respondent, (2) whether petitioner realized additional ordinary income with respect to expense allowances received, and (3) whether petitioner is liable for additions to tax under 1939 Code sections 294(d)(2) for the taxable years 1953 and 1954 and 294(d)(1)(A) for the taxable year 1954. Findings of Fact The stipulated facts are found as fact. Petitioner Marvin E. Wallis is an individual and resides at Milwaukee, Wisconsin. During 1953 and 1954 he used the cash basis calendar year method of reporting for Federal income tax purposes. Petitioner filed a *66 Federal individual income tax return for his taxable year 1953 with the district director at Salt Lake City, Utah, on November 3, 1954. On December 9, 1957, he filed an amended 1953 return with the district director at Milwaukee, Wisconsin. Petitioner filed a Federal individual income tax return for his taxable year 1954 with the district director at Milwaukee, Wisconsin, on April 18, 1955. On December 9, 1957, he filed an amended 1954 return with the district director at Milwaukee, Wisconsin. Utah Wax Refining Company was a corporation formed under the laws of the State of Utah in October 1944 to buy, produce, and sell paraffin, synthetic wax, and related products. On February 9, 1949, its name was changed to Sure-Seal Corporation. This company is hereinafter referred to as Sure-Seal. Petitioner was one of five original incorporators of Sure-Seal. He received 1,148 shares of its stock in exchange for: An undivided interest in the assets and business of the Wallis Manufacturing Company, including the good will, accounts receivable, deposits, prepaid and deferred charges, inventories, fixed assets, office furniture and fixtures, tools, machinery and equipment belonging to said *67 business. The authorized capital stock of Sure-Seal consisted of 2,500 shares of which 1,900 were initially issued. Sure-Seal Sales Company and Suseco Corporation were organized in Utah in 1952 as affiliates of Sure-Seal. Petitioner was president of each of these three corporations. As of January 1, 1953, Sure-Seal had 2,500 shares of common voting stock outstanding of which petitioner owned 1,607. On March 23, 1953, the authorized common voting stock of Sure-Seal was increased from 2,500 to 10,000 shares and each stockholder received 4 shares for each share held. As a result, petitioner then owned 6,428 shares. During the period after March 23, 1953, and before December 21, 1953, petitioner disposed of 2,476 shares of Sure-Seal common voting stock, leaving him 3,952 shares. On December 21, 1953, petitioner purchased 2,400 shares of Sure-Seal common voting stock for $12,000. He then held 6,352 shares. On December 22, 1953, the common voting stock of Sure-Seal was split 5 for 1. Petitioner then held 31,760 shares. In Schedule D of his original income tax return for 1953, petitioner reported long-term capital gain of $11,286 from the sale of 2,376 shares of Sure-Seal *68 common stock computed as follows: Gross sales price
$23,760
Cost or other basis
12,474
Gain
$11,286
In Schedule D of his amended 1953 return, petitioner reported long-term capital gain of $1,568.16 from the sale of 2,376 shares of Sure-Seal common stock computed as follows: Gross sales price
$23,760.00
Cost or other basis
22,191.84
Gain
$ 1,568.16
Respondent determined that during 1953 petitioner realized long-term capital gain of $18,123.62 from the sale of 2,470 shares of Sure-Seal common voting stock computed as follows: Amount received
$24,700.00
Basis
6,576.38
Gain
$18,123.62
During 1954, prior to December 11, petitioner disposed of 4,406 shares of Sure-Seal common voting stock. In his original income tax return for 1954 petitioner reported no gains or losses from transactions involving Sure-Seal stock. Schedule D of that return contained the statement: Not possible to know believe large losses occurred. In Schedule D of the amended 1954 return petitioner reported long-term capital losses of $47,320 with respect to Sure-Seal common stock. In the attached explanation of this loss petitioner claimed that *69 he was paid for only a portion of the shares sold prior to December 11, 1954, and that his remaining shares became worthless in that year. Respondent determined that in 1954 petitioner realized long-term capital gain of $44,030.52 from the sale of 4,739 shares of Sure-Seal common voting stock computed as follows: Amount received
$47,390.00
Basis
3,359.48
Gain
$44,030.52
Respondent determined that petitioner received additional income for each of the years 1953 and 1954 in the form of travel and expense allowances from Sure-Seal Corporation, Sure-Seal Sales Co., and Suseco Corporation in excess of allowable deductions for such items. The additional income was computed as follows: 1953
1954
Allowances received from: Sure-Seal Sales Company
$4,144.56
$ 323.28
Sure-Seal Corporation
4,055.11
Suseco Corporation
835.06
5,592.90
Total allowances received
$9,034.73
$5,916.18
Less: Expense deductions al-
lowable
7,369.63
4,969.77
Additional income
$1,665.10
$ 946.41
Respondent determined that petitioner substantially understated his estimated tax liability for 1953, failed to file a declaration of estimated tax for 1954, and *70 is liable for the following additions to the tax under the 1939 Code: Additions to Tax
Sec.
Sec.
Year
294(d)(1)(A)
294(d)(2)
1953
$291.19
1954
$1,005.77
652.40
Ultimate Findings Petitioner realized gains from sales of Sure-Seal stock as determined by respondent. Petitioner realized additional income with respect to expense allowances as determined by respondent. Opinion The burden of proof with respect to the issues before us for decision rests squarely upon petitioner. Although he contends on brief and in his opening statement that the respondent has erred in determining any realized gain from the stock transactions set forth in our findings, he has utterly failed to provide any competent evidence of such error and, therefore, for lack of such evidence, we sustain respondent's determination with respect thereto. Because petitioner has offered no competent evidence with respect to his actual business expenses for which he was reimbursed, we conclude he has abandoned this issue and sustain the respondent's determination with respect thereto. On brief the respondent conceded error in determining the addition to tax under section 294(d)(2) *71 of the 1939 Code for the year 1954. No proof whatever has been offered by petitioner with respect to the addition to tax under section 294(d)(2) for the year 1953 for substantially underestimating his tax and and addition to tax under section 294(d)(1)(A) for failing to file a declaration of estimated tax for 1954. For lack of proof we therefore sustain the respondent with respect to those additions to tax. Decision will be entered under Rule 50.